**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| **KEVIN MILLEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | |
| **v.** ) | **No. 2:24-cv-02131-SHM-cgc** |
| ) | |
| **VARIETY WHOLESALERS, INC., ET** ) | |
| **AL.,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMMENDATION,**
**DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE, AND**
**CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH**

Before the Court is the Magistrate Judge's Report and Recommendation (the "Report"). See ECF No. 13. The Magistrate Judge recommends, pursuant to 28 U.S.C. § 1915(e)(2), that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted. The Magistrate Judge also recommends, pursuant to 28 U.S.C. § 1915(a)(3), that the Court certify that an appeal would not be taken in good faith so that Plaintiff would be unable to proceed in forma pauperis on appeal. Plaintiff has filed timely objections. See ECF No. 14. The Report is ADOPTED IN FULL. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE. The Court CERTIFIES that an appeal would not be taken in good faith, and Plaintiff may not proceed in forma pauperis on appeal.

## I.    Background

On February 28, 2024, Plaintiff filed a pro se Complaint against Defendants Variety Wholesalers, Inc. and the Equal Employment Opportunity Commission ("EEOC"). See ECF No. 1. Plaintiff alleged that his constitutional rights had been violated and asked the Court "to tell the people of the EEOC to do their jobs and get [him] plenty of money." Id. Plaintiff filed a Motion to Proceed in Forma Pauperis. See ECF No. 3.

The case was referred to the Magistrate Judge for all pretrial matters, including screening the Complaint to determine whether summons should issue. See Admin. Order 2013-05 (W.D. Tenn. 2013). After the case was referred to the Magistrate Judge, Plaintiff filed four successive pro se motions that were often incoherent and contained racial slurs. See ECF Nos. 8-11.

On March 21, 2024, the Magistrate Judge issued her Report. See ECF No. 13. The Magistrate Judge granted Plaintiff's Motion to Proceed in Forma Pauperis. See id. at 2. She concluded that Plaintiff had failed to state a claim on which relief may be granted and recommended dismissing Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2). See id. at 4; see also § 1915(e)(2) (directing courts in proceedings in forma pauperis to dismiss a case "at any time" if they determine that an action "fails to state a claim on which relief may be granted"). The

Magistrate Judge recommended certifying that an appeal would not be taken in good faith, and Plaintiff may not proceed in forma pauperis on appeal. See id. at 5; see also § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

Plaintiff filed timely objections. See ECF No. 14. Plaintiff's objections do not address any particular portion of the Report's analyses or conclusions. Instead, Plaintiff resorts to racial slurs and invective.

## II.  Jurisdiction

Plaintiff's claims are brought under 42 U.S.C. § 1983. See ECF No. 1. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## III. Law

In 1968, Congress enacted the Federal Magistrates Act, 28 U.S.C. §§ 631–39. Under the Act, lawyers may be appointed magistrate judges, and they are empowered to aid district courts in carrying out their duties. See Flournoy v. Marshall, 842 F.2d 875, 876 (6th Cir. 1988).

A magistrate judge may be designated by a district court to conduct hearings and to submit "proposed findings of fact and recommendations for the disposition" of certain case-dispositive

3

matters. See 28 U.S.C. § 636(b)(1). Once a magistrate judge submits her report and recommendations, the parties have fourteen days to file specific objections. See id.

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. "The statute does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 149 (1985). There does not appear to have been any Congressional intent for courts to review "a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." Id. at 150; see also Canaday v. Anthem Cos., Inc., 439 F. Supp. 3d 1042, 1045 (W.D. Tenn. 2020).

"A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard v. Sec'y of Health & Hum. Servs., 932 F.2d 505, 509 (6th Cir. 1991). To trigger a district court's review, objections must be "clear enough to enable the district court to discern those issues that are dispositive and contentious." Kendrick v. Amazon, No. 2:21-cv-02699, 2024 WL 643136, at *3 (W.D. Tenn. Feb. 15,

2024) (quoting <u>United States v. Ombisi</u>, No. 2:21-cr-20011, 2022 WL 3704078, at *1 (W.D. Tenn. Aug. 26, 2022)).[1]

## IV.  Analysis

Plaintiff has failed to make any specific objections to the Report. Instead of addressing any of the Report's substantive analysis, Plaintiff uses the majority of his Objection to make racist and vindictive assertions. Because Plaintiff has failed to make specific objections to the Report, the Court need not review the Magistrate Judge's "factual or legal conclusions, under a <u>de novo</u> or any other standard." <u>Canaday</u>, 439 F. Supp. 3d at 1045 (quoting <u>Arn</u>, 474 U.S. at 150).

## V.  Conclusion

The Magistrate Judge's Report is ADOPTED IN FULL. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal would not be taken in good faith, and Plaintiff may not proceed on appeal in forma pauperis.

---

[1] When an appealing party does not specify a particular issue of contention, the "district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." <u>Howard</u>, 932 F.2d at 509. "The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." <u>Id.</u>

SO ORDERED this _11th_ day of April, 2024.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE